[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#108) DEFENDANTS' MOTION FOR JUDGMENT OF NONSUIT
This is an action for personal injuries and other damages and losses allegedly sustained by the plaintiff, Jeffrey A. Brantley, as a result of a motor vehicle collision between his vehicle and a vehicle owned by the defendant Enterprise Rent-A Car and driven by the defendant Jerome A. Jefferson.
The defendants have moved the court for the entry of a judgment of nonsuit against the plaintiff for his failure to provide complete responses to their interrogatories and requests for production dated January 16, 2001.
Practice Book Section 13-14 provides for the imposition by the court for various sanctions, including the entry of a judgment of nonsuit, for a party's failure to comply with the rules governing discovery and production.
In their motion, the defendants allege that the plaintiff has provided "some medical records regarding a prior injury but not all of them." They further allege that the plaintiff has provided from that "medical reports from a treating physician but refuses to provide medical notes from that treating physician . . ." They also claim that the plaintiff has failed to provide documentation to support his claims of lost wages and an impairment of earning capacity.
The parties appeared before the court and were heard regarding the motion for nonsuit. CT Page 9157
The plaintiff concedes that he has failed to provide the defendants with medical reports and medical records.
He relies upon Karas v. Boshnack, 18 Conn.L.Rptr. No. 20, 685 (4/28/97) (Flynn, J.) as authority for the position that a party is obliged under discovery rules to provide either "medical reports" or "medical notes/records", but not both.
The plaintiff maintains that he has provided the defendants with the medical reports relevant to prior injury and that he has no obligation to produce medical notes or records of that medical provider.
Having considered the plaintiffs argument, the court finds that nowhere in Karas is it stated expressly or implicitly that, in response to a standard discovery request, a party is required to provide either medical reports or medical records, but not both, as the plaintiff claims in this case.
While Judge Flynn did take great pains in Karas to distinguish a medical record from a medical report, nowhere did he conclude that a party could elect to provide one or the other.
In Karas, the party seeking discovery relied upon the provisions of No. 17 of Standard Interrogatories, which requires, in pertinent part: "List each medical report received by you or your attorney relating to your alleged injuries . . ." The standard interrogatory uses the word "report" to describe what is being sought.
In Karas, Judge Flynn did not find that medical reports are the only part of the (larger) medical record which can be obtained under discovery rules. Rather, in that particular case, he found that certain medical reports were all that other party had requested and, therefore, those certain reports were all that was required to be produced. He makes that very clear in the final sentence of his decision which reads, "The plaintiff has disclosed these reports to others, to the defendant, as requested, and is justified to objecting to an order of compliancerequiring disclosure of things not asked for." (Emphasis added).
The plaintiff herein is precluded from refusing to comply with the Defendants' Interrogatories and Request for Production dated January 16, 2001 based on the "either/or" rationale which he has incorrectly relied upon in this case. The plaintiff is entitled to rely upon any other proper theory to oppose discovery requests.
Having found that the plaintiffs reliance upon Karas is misplaced, the court overrules the plaintiffs objection to the motion for nonsuit and CT Page 9158 enters the following orders. The plaintiff is to make proper compliance with the defendant's discovery request for medical information as set forth in the defendants' January 16, 2001 pleading. Such compliance shall be made within 30 days of the date of this order or nonsuit shall enter.
If the plaintiff, within one week of the time of trial, has improperly failed to disclose information concerning his claims of loss of earnings and impairment of earning capacity, the trial court shall enter appropriate sanctions under Practice Book 13-14.
By the Court
Joseph W. Doherty, Judge